106 A.3d 483

IN THE MATTER OF MICHAEL A. ROWEK, AN ATTORNEY AT LAW (ATTORNEY NO. 008881987).

January 30, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–144, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **MICHAEL A. ROWEK,** formerly of **CLIFTON,** who was admitted to the bar of this State in 1987, and who has been suspended from the practice of law since September 24, 2013, should be suspended from the practice of law for a retroactive active period of one year, based on his guilty plea in the Superior Court of New Jersey to charges of possession of a controlled dangerous substance, and possession of a device to defraud administration of drug test, conduct that violates *RPC* 8.4(b) (commission of a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to submit from a drug rehabilitation program, proof of his continued sobriety and to submit proof of his fitness to practice law, and that following reinstatement, he should be required to submit to random drug-testing monitored by the Office of Attorney Ethics;

And good cause appearing;

It is ORDERED that **MICHAEL A. ROWEK** is suspended from the practice of law for a period of one year, retroactive to September 24, 2013, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof his continuing

sobriety and participation in an approved drug rehabilitation program, and proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement, respondent shall submit to random drug-testing monitored by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.